```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
WAVERLY PROPERTIES, LLC.,          Civil Case No. 09 CV 3940

                Plaintiff,

     -against-

KMG WAVERLY, LLC, VANGUARD
CONSTRUCTION & DEVELOPMENT CO.,
INC., BURT MILLER, an individual;
ERIC GRANOWSKY, an individual;
STAN KLEGER, an individual;
BKSK ARCHITECTS, LLP;
STANISLAV SLUTSKY, P.E., ROBERT
SILMAN ASSOCIATES, P.C., MARATHON
WAVERLY, LLC; RON BERNSTEIN, an
individual; and STRIBLING
MARKETING ASSOCIATES, LLC,

                Defendants.
------------------------------------x
```

**MEMORANDUM OF LAW OF BKSK ARCHITECTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

```
                    Of Counsel:
                    Michael J. Byrne
                    GOGICK, BYRNE & O'NEILL, LLP
                    11 Broadway
                    New York, NY   10004-1314
                    212-422-9424
```

**PRELIMINARY STATEMENT**

Along with the accompanying Declaration of Michael J. Byrne, Esq. dated February 28, 2012 (the "Byrne Declaration"), defendant BKSK Architects, LLP ("BKSK") respectfully submits this memorandum of law in support of its motion for summary judgment in this matter which seeks dismissal of the cross-claim for common law indemnification of KMG Waverly, LLC, Burt Miller (an individual), Eric Grankowsky (an individual), and Stan Kleger (an individual)(the "Sponsor defendants") and the cross-claim for common law indemnification of Vanguard Construction & Development Co., Inc.("Vanguard").

**STATEMENT OF FACTS/BACKGROUND**

There are only two remaining cross-claims which are the subject of this motion. These sound in common law indemnification and are asserted by the Sponsor defendants and Vanguard respectively as against BKSK. For a full recitation of the procedural history of this matter relevant to this motion, we respectfully refer the Court to the Declaration of Michael J. Byrne, Esq., in support of this motion.

**Standard of Review on Motion For Summary Judgment**

It is well settled that "[s]ummary Judgment must be granted when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" See Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007 (quoting Fed. R. Civ. P. 56(c)); Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 498 (2d Cir. 2001). The moving party "bears the initial responsibility of informing the district court of the basis for its motion" and of identifying which materials "it believes demonstrate the absence of a genuine material of fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552 (1986).

Once the moving party discharges its initial burden, then the burden shifts to the non-movant to "point to specific evidence in the record to carry its burden" of demonstrating the existence of a material triable issue. See Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006); see also Fed. R. Civ. P. 56(e)(2); McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004) ("party opposing the [summary judgment] motion cannot rely on allegations in the complaint, but must counter the movant's affidavits with specific facts showing the existence of genuine issues warranting a trial").

As will be set forth below, BKSK is entitled to a finding of Summary Judgment on the sole remaining cross-claims against it in this action as a matter of law.

**ARGUMENT**

A. **A Party is not Entitled to Seek Common Law Indemnification When that Party is being sued for its own active Negligence and Wrongdoing**

Pursuant to the substantive law of the State of New York regarding indemnification, implied indemnity under the common law allows "one who is held vicariously liable solely on account of the negligence of another to shift the entire burden of the loss to the actual wrongdoer." See Trustees of Columbia University v. Mitchell Giurgola Assocs., 109 A.D.2d 449, 453, 492 N.Y.S.2d 371, 375 (1st Dept. 1985). Thus, there is no right to recovery under a theory of implied indemnification unless the party seeking indemnity has delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought. See Guzman v. Haven Plaza Hous. Dev. Fund Co., Inc., 69 N.Y.2d 559, 509 N.E.2d 51, 516 N.Y.S.2d 451 (1987); 17 Vista Fee Assocs. V. Teachers Ins. and Annuity Assoc. of America, 259 A.D.2d 75, 693 N.Y.S.2d 554 (1st Dept. 1999). see also SSDW Company v. Feldman-Misthopoulos Associates, 151 A.D.2d 293, 545 N.Y.S.2d 565 (1st Dep't 1989).

In the instant matter, there were: (a) no contracts between BKSK and Vanguard and no relationship in existence between the parties where any exclusive responsibility was delegated to BKSK.

Further, New York law does not allow a claim for common law indemnification where the indemnitee is alleged to have actually participated to some degree in the wrongdoing and is not being asked to answer vicariously for the wrongdoing of another. See Trustees of Columbia, 109 A.D.2d 449, 492 N.Y.S.2d 371 (1st Dept. 1985); SSDW Company v. Feldman-Misthopoulos Assocs., 151 A.D.2d 293, 545 N.Y.S.2d 565 (1st Dept. 1989).

In other words, the Courts of New York have consistently rejected common law indemnification claims where the direct claims against the party seeking indemnification do not allege it was responsible for the acts of those from whom they seek indemnification, but instead, allege that the party seeking the indemnification actually participated in the wrongdoing. See The Dormitory Authority of the State of New York v. Scott, 160 A.D.2d 179, 553 N.Y.S.2d 149 (1st Dep't 1990); SSDW Co. v. Feldman-Misthopoulous Assoc., 151 A.D.2d 293, 542 N.Y.S.2d 565 (1st Dep't 1989); State of New York Facilities Dev. Corp v. Kallman, 121 A.D.2d 805, 504 N.Y.S.2d 557 (3d Dep't 1986).

In Trustees of Columbia University in City of New York, the underlying action consisted of claims by the plaintiff owner who suffered property damage resulting from a collapsed wall and sued

various parties including the structural engineer, contractor and supplier of certain material used in the erection of the failed wall. The structural engineer and contractor sought recovery against the material supplier under a theory of common law indemnification. The Court rejected the claim for common law indemnification because "liability against [the structural engineer or contractor] would be based upon such defendant's own participation in the acts giving rise to the loss, that is, as an actual wrongdoer, and, alternatively, if a defendant did perform its duties properly by exercising due care and skill in the performance of its work thereby fulfilling its obligations to plaintiff, such defendant would be free from liability irrespective of whether [the supplier] did, in fact, supply faulty materials." See Trustees of Columbia University, at 109 A.D.2d 449, 453-54, 492 N.Y.S.2d 371, 375.

In this action, there remain claims of active negligence and wrongdoing against the Sponsor defendants as the plaintiff's complaint was never dismissed as against the Sponsor defendants. The Complaint (Exhibit "A" of the underlying motion papers) alleges breach of contract causes of action (Paragraphs 104-120) as well as negligence causes of action against the Sponsor defendants (Paragraphs 121-25). The plaintiff further alleges gross negligence and violation of New York General Business Law § 349 against the Sponsor defendants (Paragraphs 154-173). Because of

these allegations, and as demonstrated through the above case law of New York, the Sponsor defendants are not entitled to common law indemnification over and against BKSK.

As regarding Vanguard, the Sponsor defendants have themselves asserted cross-claims alleging that Vanguard was negligent in the provision of their contracting services at the plaintiff's premises. See Exhibit "D" to the underlying motion papers. Because of these allegations, and as demonstrated through the above case law of New York, Vanguard is not entitled to common law indemnification over and against BKSK.

If the Sponsor defendants are successful in proving their cross-claim against Vanguard, then Vanguard will be found to be an active tortfeasor and negligent. In that instance, as demonstrated in the case law above, Vanguard will not be entitled to common law indemnification must fail over BKSK. If the Sponsor defendants do not recover on their cross-claims against Vanguard then the Vanguard cross-claims would become moot. In either event, these cross-claims should be dismissed.

Accordingly, as both the Sponsor defendants and Vanguard are being sued for their own active wrongdoing, these parties' claims for common law indemnification must be dismissed as a matter of law pursuant to the above case law.

## CONCLUSION

For the reasons set forth above, the Court should grant the motion of defendants BKSK for summary judgment pursuant to FRCP 56 in its entirety, dismissing the remaining cross-claims against BKSK in their entirety and for such other, further and different relief that this Court deems just and equitable.

Dated:    New York, New York
          February 29, 2012

                               By:  _____
                                    Michael J. Byrne

P:\400\486-112\Legal\memo.of.law.motion for summary judgment2.doc