Andrea Roschelle, Esq.
Evan Schieber, Esq.
STARR ASSOCIATES LLP
Attorneys for Defendants, KMG
Waverly LLC, Burt Miller, Eric
Granowsky, Stan Kleger, Marathon
Waverly, LLC and Ron Bernstein

245 Fifth Avenue, Suite 1102
New York, New York 10016
(212) 620-2680 (phone)
(212) 696-5013 (fax)
aroschelle@starr-lawfirm.com
eschieber@starr-lawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAVERLY PROPERTIES, LLC,

                        Plaintiff,

- against -

KMG WAVERLY, LLC, VANGUARD CONSTRUCTION
& DEVELOPMENT CO., INC., BURT MILLER, an
individual, ERIC GRANOWSKY, an individual, STAN
KLEGER, an individual, BKSK ARCHITECTS, LLP,
STANISLAV SLUTSKY, P.E., ROBERT SILLMAN
ASSOCIATES, P.C., MARATHON WAVERLY, LLC,
RON BERNSTEIN, an individual, and STRIBLING
MARKETING ASSOCIATES LLC,

                        Defendants.

Case No.: 09 CV 3940 (PAE)

---

**SPONSOR DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO MOTIONS MADE BY STANISLAV
SLUTSKY, P.E. AND BKSK ARCHITECTS, LLP FOR
SUMMARY JUDGMENT DISMISSING SPONSOR
DEFENDANTS' CROSS-CLAIMS**

Preliminary Statement

Defendants, KMG Waverly LLC ("Sponsor"), Burt Miller, Eric Granowsky, Stan Kleger, Marathon Waverly, LLC and Ron Bernstein (collectively, "Sponsor Defendants") respectfully submit this memorandum of law in opposition to the motions made by Stanislav Slutsky, P.E. ("Slutsky") and BKSK Architects LLP ("BKSK") for summary judgment seeking dismissal of the cross-claims asserted against them. As set forth below and in the accompanying statement pursuant to Local Civil Rule 56.1 ("Statement") the motions for summary judgment must be denied.

Background

Sponsor is the developer of a condominium offering for the 147 Waverly Place Condominium ("Condominium"), pursuant to an offering plan ("Plan"). The Condominium is located at 147 Waverly Place, New York, New York ("Building"). In connection with the design and construction of the Building, exclusive responsibility was delegated to, among others, Slutsky and BKSK. This case concerns three luxury condominium apartments in the Building, two units - - 6E and 6W ("6th Floor Units") - - owned by plaintiff and a penthouse apartment ("PH Unit") for which plaintiff was the former contract vendee (the 6th Floor Units and the PH Unit will be collectively referred to as the "Units"). The complaint sought damages against all defendants based on the underlying assumption that construction and design defects purportedly existed in the Units. This premise, albeit false, pervaded all causes of action against Sponsor Defendants and the design and construction professionals including Slutsky and BKSK alike. After sixteen (16) months of factual and expert discovery, what emerged is that the claims remaining against Sponsor were predicated exclusively on Sponsor's status as the developer of

the Condominium under the Plan and not on any allegation of active negligence on its part. Nonetheless, Sponsor Defendants' motion for summary judgment was denied, in large part because the Court determined that issues of fact existed as to whether the PH Unit was substantially complete prior to the date set for closing and determined also that a trial was required to determine whether Sponsor breached its obligation to plaintiff under the purchase agreements for the 6th Floor Units. The bulk, if not the entirety, of the issues to be tried will revolve around whether purported defects in design and construction existed and as such, whether plaintiff would accordingly be entitled to judgment. See Docket numbers 132 and 140.

Slutsky's Motion to Dismiss the Cross-Claims Asserted Against Him Must be Denied

Slutsky performed engineering services pursuant to a written agreement with BKSK, including aspects of the design of certain mechanical, electrical, plumbing and fire protection trades and performed construction administration. Exclusive responsibility for the performance of those services was delegated to Slutsky. See Exhibit 1 to Affidavit of Stanislav Slutsky, sworn to February 24, 2012. If Sponsor Defendants are found to be liable to plaintiff at all, their liability is vicarious only, inasmuch as the claims against them are based upon the performance of services by Slutsky and others, a classic common law indemnification scenario. McCarthy v. Turner Construction Inc., et al., 17 N.Y.3d 369, 929 N.Y.S.2d 556 (2011) (indemnity may be implied to prevent a result which is regarded as unjust or unsatisfactory and "is frequently employed in favor of one who is vicariously liable for the tort of another". Common law indemnification is generally available in favor of one who is held responsible solely by operation of law because of his relation to the party that committed the act alleged to be wrongful); 17 Vista Fee Associates v. Teachers Insurance and Annuity Association of America, et al., 259

A.D.2d 75, 693 N.Y.S.2d 554 (1st Dept. 1999) (court reverses dismissal of indemnification claim submitted by owner where owner delegated full responsibility for design of building systems to a mechanical engineer and where owner was held responsible for those design defects); Kim v. D & W Shin Realty Corp., 47 A.D.3d 616, 852 N.Y.S.2d 138 (2d Dept. 2008) (summary judgment on a claim for common law indemnification is premature where triable issues of fact exist concerning the degree of fault attributable to each party involved).

Thus, as between Sponsor and Slutsky, in the unlikely event that Sponsor is determined to be liable to plaintiff for a breach of any obligation delegated to Slutsky, under well-established principals of indemnification, Slutsky will be responsible for those damages. None of the boilerplate authorities cited by Slutsky stand for any other proposition. Slutsky's motion for summary judgment in connection with the cross-claims asserted by Sponsor Defendants must therefore be denied.

BKSK's Motion to Dismiss the Cross-Claims Asserted Against It Must be Denied

For the same reasons that Slutsky's motion to dismiss the cross-claims asserted against him must be denied, BKSK's motion must be denied. However, BKSK's motion must be denied on the following additional grounds that (i) it is procedurally defective in that it failed to submit a Rule 56.1 Statement and (ii) BKSK simply ignores the fact that it's liability to indemnify Sponsor under the circumstances is contractual.

Pursuant to Local Rule 56.1, a motion for summary judgment must be accompanied by a separate short and concise statement in numbered paragraphs as to which the moving party contends that there is no genuine issues to be tried. Importantly, the failure to submit such a

statement may, in and of itself, constitute grounds for denial of the motion. See Local Rule 56.1; See also MSF Holding Ltd. v. Fiduciary Trust Co., Inter., 435 F.Supp.2d 285, 304–305 (S.D.N.Y. 2006) (denying defendant's motion for summary judgment for failure to submit a 56.1 statement); Searight v. Doherty Enterprises, Inc., No. 02 CV 0604, 2005 WL 2413590, at *1 (E.D.N.Y. Sept.29, 2005) (denying motion for summary judgment for failure to submit a 56.1 statement).

Should the court decide to overlook BKSK's error in failing to submit a Rule 56.1 statement, the Court will discover that BKSK's motion is without merit. Here, although nowhere does BKSK acknowledge it, in its contract with Sponsor and in the plainest language that could be expressed, BKSK, agreed to indemnify Sponsor Defendants for claims that relate to the negligence or other acts of BKSK and others retained by BKSK for this project. The Agreement states in pertinent part:

> [t]o indemnify and save harmless [Sponsor], Ghent Realty Services, Inc..... their members, partners, shareholders, affiliates, officers, employees, agents and servants from and against any and all claims, demands, suits, proceedings, awards, judgment, losses or damages (including reasonable attorneys' fees) arising out of or related to negligent acts, errors and omissions of [BKSK] and its consultants or other parties providing services to [BKSK] at [BKSK]'s express request for the purpose of assisting [BKSK] in performing [BKSK]'s services required under the Agreement…

A copy of the contract is annexed to the accompanying affidavit of Andrea L. Roschelle, sworn to March 14, 2012 ("Roschelle Affidavit") as Exhibit "A"

A contract that provides for indemnification will be enforced, where, as here, it is supported by detailed language. See e.g Dwyer v Goldman Sachs et. al., 2011 U.S.Dist. LEXIS 91943 (S.D.N.Y 2011) (courts will enforce agreement containing indemnification provision). Inasmuch as it has yet to be determined whether any of the alleged defects that underlie the allegations in the complaint were caused by the negligence, acts or omissions of BKSK or any of those parties it retained for this project, summary judgment dismissing the contractual indemnity

claims brought by the Sponsor defendants against BKSK is premature. <u>Barraco v First Lenox Terrace Associates et. al.</u> 25 A.D.3d 427, 810 N.Y.S.2d 8, (1st Dept. 2006)(where issues of fact remain as to negligence, neither party is entitled to summary judgment on contractual indemnification claims).

<u>Conclusion</u>

For all of the foregoing reasons, and those set forth in the Statement, the Roschelle Affidavit and the exhibits thereto Sponsor Defendants respectfully request that this Court deny in its entirety the motions made by defendants BKSK and Slutksy.

Dated: New York, New York
       March 14, 2012

Respectfully submitted,
STARR ASSOCIATES LLP
Attorneys for Sponsor Defendants

By: /s/ Andrea Roschelle
Andrea L. Roschelle (AR6988)
Evan R. Schieber (ES5422)
245 Fifth Avenue, Suite 1102
New York, NY 10016
aroschelle@starr-lawfirm.com
eschieber@starr-lawfirm.com
(212) 620-2680