```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
WAVERLY PROPERTIES, LLC.,            Civil Case No. 09 CV 3940

              Plaintiff,

     -against-

KMG WAVERLY, LLC, VANGUARD
CONSTRUCTION & DEVELOPMENT CO.,
INC., BURT MILLER, an individual;
ERIC GRANOWSKY, an individual;
STAN KLEGER, an individual;
BKSK ARCHITECTS, LLP;
STANISLAV SLUTSKY, P.E., ROBERT
SILMAN ASSOCIATES, P.C., MARATHON
WAVERLY, LLC; RON BERNSTEIN, an
individual; and STRIBLING
MARKETING ASSOCIATES, LLC,

              Defendants.
------------------------------------x
```

**DECLARATION OF JOHN M. RONDELLO, JR. IN REPLY TO THE MOTION OF BKSK ARCHITECTS, LLOP FOR SUMMARY JUDGMENT**

1. I am an attorney at law admitted to practice in the Southern District of New York. I am a member of the law firm of Gogick, Byrne & O'Neill, LLP, and counsel of record for defendant, BKSK Architects LLP ("BKSK") in this action.

2. This declaration is submitted in reply to the opposition to the motion of summary judgment of BKSK filed by defendants, KMG Waverly, LLC, Burt Miller (an individual), Eric Grankowsky (an individual), and Stan Kleger (an individual)(the "Sponsor defendants") and by

defendant, Vanguard Construction & Development Co., Inc.("Vanguard".

**OPPOSITION OF VANGUARD**

3. Vanguard seeks a recovery in common law indemnity against BKSK in its opposition papers. However, Vanguard does not include as an exhibit its Answer to the plaintiff's complaint. Accordingly, Vanguard has not proven it has a valid cross-claim for common law indemnity.

4. Additionally, if BKSK were found to be at fault for any of the claims described in the Vanguard papers, then Vanguard would have no liability to any party and no basis for a claim over BKSK and those cross-claims would be a nullity.

5. As such, for the additional reasons set forth above, the Vanguard cross-claim for common law indemnity should be dismissed as a matter of law.

6. As to contractual indemnity, Vanguard has no contract with BKSK and therefore no contractual indemnity claim. In fact, Vanguard does not argue that it has such a claim.

7. However, Vanguard does assert that the sponsor has a contractual indemnity claim against BKSK. This claim is misleading as the Sponsor defendants did not assert such a claim. As such, Vanguard's arguments in this regard

must fail and Vanguard's cross-claims against BKSK should be dismissed as a matter of law.

8. To reiterate the arguments in the motion papers of BKSK, as Vanguard is being sued for its own active wrongdoing, it is not entitled to recover in common law indemnification against BKSK (See Memorandum of Law in Support of BKSK motion for summary judgment).

### OPPOSITION OF SPONSOR DEFENDANTS

9. The Sponsor defendants claim that the liability of BKSK is contractually based. However, the Sponsor defendants do not plead a separate cross-claim for contractual indemnity in their Answer (Exhibit "C" to the BKSK Motion for Summary Judgment). As such, the late assertion of Sponsor's apparent claim for contractual indemnification should be denied.

10. We reiterate our arguments in the papers submitted with the BKSK motion for summary judgment concerning the dismissal of the common law indemnification claims. Namely, in this action, there remain claims of active negligence and wrongdoing against the Sponsor defendants as the plaintiff's complaint was never dismissed as against the Sponsor defendants. The Complaint (Exhibit "A" of the underlying motion papers) alleges breach of contract causes of action (Paragraphs 104-120) as well as

negligence causes of action against the Sponsor defendants (Paragraphs 121-25).

11. The plaintiff further alleges gross negligence and violation of New York General Business Law § 349 against the Sponsor defendants (Paragraphs 154-173 of Exhibit "A"). Because of these allegations, and as demonstrated through the case law in the Memorandum of Law in support of the BKSK motion, the Sponsor defendants are not entitled to common law indemnification over and against BKSK. The Sponsor defendants are being sued for their own active wrongdoing and are not entitled to common law indemnification.

12. The Sponsor defendants argue BKSK's lack of a Rule 56.1 Statement in its opposition papers. The Court is well aware that such an omission does not constitute automatic grounds for denial of the motion and that this Court has discretion to decide the motion of BKSK on the merits despite the lack of a Rule 56.1 Statement. See Local Rule 56.1; see also Holtz v. Rockefeller & Co., Inc., 258 F.3d 62 (2d Cir. 2001) (holding that a District Court has broad discretion to overlook a party's failure to comply with local court rules) (citing Wight v. Bankamerica Corp., 219 F.3d (2d Cir. 2000); Somlyo v. J. Lu-Rob Enters., 932 F.2d 1043, 1048 (2d Cir. 1991).

13. In this instance, the issues to decide on this motion are somewhat limited in scope and have been fully briefed in the relatively short and concise motion papers, opposition papers and now in this reply. We submit that the record is not so voluminous and the issue is merely a legal one regarding common law indemnification. As such, this Court should respectfully overlook the lack of a Local Rule 56.1 Statement and decide the motion on its merits.

14. As the Court in Holtz stated, "[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law . . . ." See Holtz, 258 F.3d at 74. We submit that on this motion, movant has met that obligation.

## CONCLUSION

For the foregoing reasons, as well as the arguments contained in the underlying papers in support of the instant motion, and the Memorandum of Law in support of the motion, defendants BKSK respectfully requests that this Honorable Court grants the motion of BKSK for summary judgment and dismiss the cross-claims of the Sponsor defendants and Vanguard in their entirety together with

such other and further relief that this Court deems just and equitable

Dated:   New York, New York
         March 22, 2012

                                        GOGICK, BYRNE & O'NEILL, LLP
                                        Attorneys for Defendant
                                        BKSK Architects, LLP

                                        By: _____
                                        John M. Rondello, Jr.
                                        11 Broadway, Rm. 1560
                                        New York, NY  10004-1314
                                        Tel: 212-422-9424